UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBIE J. WAGANFEALD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-5036** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Rule 50(b) Motion for Judgment as a Matter of Law, or in the alternative, for a New Trial Under Rule 59 filed by defendants Orleans Parish Criminal Sheriff Marlin N. Gusman and Chief William C. Hunter (Doc. #96) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Stay Pending Post-Trial Motions and Appeal without Bond filed Sheriff Gusman and Chief Hunter (Doc. #97) is **DENIED**.

## BACKGROUND

Plaintiffs, Robie J. Waganfeald and Paul Kunkle, were arrested for public intoxication by an officer of the New Orleans Police Department in the French Quarter at 5:00 a.m. on August 27, 2005, just prior to Hurricane Katrina. They were transported to the Orleans Parish Prison to be held by the Sheriff Gusman and his deputies. Plaintiffs' personal possessions, including their cell phones,

were confiscated. Although the land-line phones at the prison were not working due to line congestion, the men were not given access to their cell phones to contact an attorney.

While in the Orleans Parish Prison in the aftermath of Hurricane Katrina, plaintiffs were in deep water for many hours, until they were evacuated by boat to the Broad Street overpass where they were picked up and bused to other prisons, where they remained until early October 2005.

Plaintiffs filed suit against Sheriff Gusman and two of his deputies, including Chief Hunter, alleging that defendants violated their constitutional rights by: (1) subjecting them to an extended pretrial detention following a warrantless arrest without a prompt judicial determination of probable cause in violation of the Fourth Amendment; (2) preventing them from using a telephone to obtain counsel to represent them in connection with the charges for which they had been arrested in violation of the Sixth Amendment; and, (3) subjecting them to cruel and unusual punishment resulting from the conditions of their confinement in violation of the Eight Amendment. Plaintiffs also alleged that defendants were liable for the intentional tort of false imprisonment under Louisiana law.

A jury trial was held from October 12, 2010, to October 14, 2010. At the close of plaintiffs' case, and at the close of all of the evidence, defendants moved for a judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. Both motions were denied.

On October 14, 2010, the jury returned a verdict for plaintiffs against Sheriff Gusman and Chief Hunter. The jury found that Chief Hunter, the deputy in charge of the Orleans Parish Prison, violated plaintiffs' constitutional rights by preventing them from using a telephone to obtain counsel, and awarded each plaintiff $100,000 for this constitutional violation. The jury also found that

Sheriff Gusman falsely imprisoned plaintiffs, and awarded $200,000 to Waganfeald, and $259,300 to Kunkle for this state law intentional tort. The evidence established that Kunkle was subjected to harsher conditions of confinement after plaintiffs were transported to other prisons in the wake of Hurricane Katrina and that he was more emotionally fragile than Waganfeald.

The court entered a judgement based on the jury's verdict on October 22, 2010. Sheriff Gusman and Chief Hunter filed a renewed motion for judgment as a matter of law pursuant to Rule 50(b), and alternatively, a motion for new trial pursuant to Rule 59. They also filed a motion to stay the execution of the judgment against them pending the resolution of their Rule 50(b) and Rule 59 motions, and to appeal without posting bond.

## ANALYSIS

**A.     Sheriff Gusman's and Chief Hunter's Motion for Judgment as a Matter of Law**

Pursuant to Rule 50(b), if the court does not grant a motion for judgment as a matter of law during a jury trial, the movant may file a renewed motion for judgment as a matter of law, and include an alternative or joint request for a new trial under Rule 59. "In evaluating [a Rule 50] motion . . . the court is to view the entire record in the light most favorable to the non-movant, drawing all factual inferences in favor of . . . the non-moving party, and leaving credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts to the jury." Conkling v. Turner, 18 F.3d 1285, 1300 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2513 (1986)). A Rule 50

> motion for judgment as a matter of law will be granted only if the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not

> arrive at a contrary verdict . . . On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied.

Brown v. Bryan County, OK, 219 F.3d 450, 456 (5th Cir. 2000) (citations omitted). Granting a Rule 50 motion "is not a matter of discretion, but a conclusion of law based upon a finding that there is insufficient evidence to create a fact question for the jury." In re Litterman Bros. Energy Sec. Litig., 799 F.2d 967, 972 (5th Cir. 1986) (citing Lubbock Feedlots, Inc. v. Iowa Beef Processors, Inc., 630 F.2d 250, 269 n. 22 (5th Cir. 1980), cert. denied, 107 S.Ct. 1373 (1987).

Sheriff Gusman and Chief Hunter argue that there is insufficient evidence to support the verdict against them. Sheriff Gusman argues that he cannot be held liable for false imprisonment under Louisiana law because there is no evidence that plaintiffs were held without statutory authority.[1] He contends that the arresting officer, not he, was responsible for ensuring that plaintiffs had a probable cause determination before an impartial judge or magistrate within 48 hours of their warrantless arrest. Further, he argues that he had no duty to release plaintiffs, and that he has immunity from liability for not exercising his discretion to release plaintiffs.[2]

---

[1] Under Louisiana law, "[t]he tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention." Plessy v. Hays Motor Co., Inc., 742 So. 2d 934, 937 (La. Ct. App. 1999). "False imprisonment or arrest occurs when one arrests and restrains another against his will without warrant or other statutory authority." Id.

[2] La. Rev. Stat. § 9:2798.1 provides that officers and employees of public entities shall not be liable for "the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such act are not within the course and scope of their lawful powers and duties."

4

Plaintiffs argue that Sheriff Gusman had the authority and the duty to release them when they did not receive a probable cause determination by an impartial judge or magistrate within 48 hours of their warrantless arrest. Plaintiffs contend that Louisiana Code of Criminal Procedure Article 230.2 imposes such a duty on Sheriff Gusman because it states that a person arrested without a warrant "shall" be released on his own recognizance if he does not receive a probable cause determination within 48 hours of his arrest. They contend that the duty is mandatory and not subject to any immunity afforded to discretionary actions.

Chief Hunter argues that he cannot be held liable for violating plaintiffs' Sixth Amendment right to counsel by preventing them from using a telephone because he was not deliberately indifferent to their right to use a phone. He contends that the prison phone system was working, but that the inmates could not make calls due to line congestion outside of the prison. He argues that he contacted the person in charge of the prison's communication system, and that the situation was beyond his control. Further, Chief Hunter argues that there is no evidence that he was aware of plaintiffs' situation or denied their request to use a phone.

Plaintiffs argue that Chief Hunter was deliberately indifferent to their Sixth Amendment right to counsel, because Chief Hunter could have permitted plaintiffs, and other inmates, to use cell phones to contact an attorney.

After reviewing the record in the light most favorable to plaintiffs, the court finds that there was sufficient evidence to create a question of fact for the jury on the issues of Sheriff Gusman's false imprisonment of plaintiffs by holding them longer than 48 hours after a warrantless arrest without a probable cause determination. This applies also to Chief Hunter's violation of plaintiffs'

Sixth Amendment right to counsel by preventing them from using their cell phones to contact an attorney. Therefore, Sheriff Gusman's and Chief Hunter's Rule 50(b) renewed motion for judgment as a matter of law is DENIED.

**B.      Sheriff Gusman's and Chief Hunter's Motion for New Trial or Remittitur**

A motion for new trial may only be granted when the movant has demonstrated that the verdict is against the great weight of the evidence. See Carter v. Fenner, 136 F.3d 1000, 1011 (5th Cir. 1998), cert. denied, 119 S.Ct. 592 (1998). "Where a damage award is excess or so large as to appear contrary to right reason, the award is generally subject to remittitur, not a new trial." Marcel v. Placid Oil Co., 11 F.3d 563, 568 (5th Cir. 1994).  The United States Court of Appeal for the Fifth Circuit has "expressed the extent of distortion that warrants intervention by requiring such awards to be so large as to 'shock [the] judicial conscience,' 'so gross or inordinately large as to be contrary to right reason,' so exaggerated as to indicate 'bias, passion, prejudice, corruption, or other improper motive,' or as 'clearly exceeding that amount that any reasonable man could feel the claimant is entitled to.'" Williams v. Chevron U.S.A., Inc., 875 F.2d 501, 506 (5th Cir. 1989).

Sheriff Gusman and Chief Hunter argue that the verdict was against the great weight of the evidence for the same reasons that they argue they are entitled to a judgment as a matter of law. Additionally, they argue that the amount of damages awarded to plaintiffs was not supported by the evidence. They contend that each plaintiff should have been awarded no more than $1,000 per day for his 30 day detention against Sheriff Gusman and Chief Hunter, for a total of $30,000 each. They argue that the damage awards should be reduced, or that there should be a new trial on the issue of damages.

For the reasons stated above, Sheriff Gusman and Chief Hunter have not demonstrated that the jury's verdict was against the great weight of the evidence. Also, they do not support their contention that a reasonable jury would award no more than $30,000 to each plaintiff with evidence or jurisprudence. Further, considering the record as a whole and the deplorable conditions to which plaintiffs were subjected, the damage award is not so large that it "shocks the judicial conscience." Therefore, their motion for new trial or remittitur is DENIED.

**C.     Sheriff Gusman's and Chief Hunter's Motion to Stay Pending Post Trial Motions and Appeal without Bond**

Sheriff Gusman and Chief Hunter moved to stay the execution of the judgment against them pending the resolution of their post-trial motions pursuant to Rule 62(b),[3] and to appeal without posting a supersedeas bond pursuant to Rule 62(f).[4]

Rule 62(f) provides: "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Thus, Rule 62(f) applies only if the judgment is a lien on Sheriff Gusman's and/or Chief Hunter's property under Louisiana law.

Pursuant to Louisiana Civil Code Article 3300, a judgment becomes a lien on a judgment debtor's property when a judicial mortgage is created by filing the judgment with the recorder or mortgages. The 1992 Revision Comment to La. C. C. art. 3300 explains that "a judicial mortgage

---

[3] Defendants' motion to stay pending the disposition of their Rule 50 motion for judgment as a matter of law and Rule 59 motion for a new trial is rendered moot by the court's resolution of those motions herein.

[4] Defendants also state that their motion is filed pursuant to Rule 62(d), which provides for a stay of the execution of the judgment if the defendant posts a supersedeas bond approved by the court when appealing the judgment. Defendants have not indicated that they are willing to post the bond.

does not exist by virtue of the judgment. Consequently none of the effects of mortgage can be said to flow from the judgment itself."

Plaintiffs have not filed the judgment with the recorder of mortgages. Therefore, the judgment against Sheriff Gusman and Chief Hunter is not a judicial mortgage or a lien on their property under Louisiana law, and Rule 62(f) is inapplicable. Accordingly, Sheriff Gusman's and Chief Hunter's motion to appeal without bond is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Rule 50(b) Motion for Judgment as a Matter of Law, or in the alternative, for a New Trial Under Rule 59 filed by defendants Orleans Parish Criminal Sheriff Marlin N. Gusman and Chief William C. Hunter (Doc. #96) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Stay Pending Post-Trial Motions and Appeal without Bond filed Sheriff Gusman and Chief Hunter (Doc. #97) is **DENIED**.

New Orleans, Louisiana, this   14th   day of December, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**