UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBIE J. WAGANFEALD, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                                        **NO: 06-5036**

**CITY OF NEW ORLEANS, ET AL.**                           **SECTION: "S" (4)**

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney' Fees (Doc. #98) is **GRANTED** as to plaintiffs' entitlement to recover attorneys' fees and costs pursuant to 42 U.S.C. § 1988 for their bringing a successful action against Chief Hunter pursuant to 42 U.S.C. § 1983 for his violation of their Sixth Amendment right to counsel; and **REFERRED** to the United States Magistrate Judge for a Report and Recommendation regarding quantum as to the amount of attorneys' fees and costs attributable to plaintiffs' bringing the action against Chief Hunter pursuant to 42 U.S.C. § 1983 for his violation of their Sixth Amendment right to counsel.

## BACKGROUND

Plaintiffs, Robie J. Waganfeald and Paul Kunkle, were arrested for public intoxication by an officer of the New Orleans Police Department in the French Quarter at 5:00 a.m. on August 27, 2005, just prior to Hurricane Katrina. They were transported to the Orleans Parish Prison. Upon

arrival at the prison, plaintiffs' personal possessions, including their cell phones, were confiscated. The telephones at the prison were not working due to line congestion, but the men were not given access to their cell phones to contact an attorney.

While in the Orleans Parish Prison, plaintiffs were in deep water for many hours, until they were evacuated by boat to the Broad Street overpass where they were picked up and bused to other prisons, where they remained until early October 2005.

Plaintiffs filed suit against Sheriff Gusman and two of his deputies, including Chief Hunter, alleging that defendants violated their constitutional rights by: (1) subjecting them to an extended pretrial detention following a warrantless arrest without a prompt judicial determination of probable cause in violation of the Fourth Amendment; (2) preventing them from using a telephone to obtain counsel to represent them in connection with the charges for which they had been arrested in violation of the Sixth Amendment; and, (3) subjecting them to cruel and unusual punishment resulting from the conditions of their confinement in violation of the Eight Amendment. Plaintiffs also alleged that defendants were liable for the intentional tort of false imprisonment under Louisiana law.

A jury trial was held from October 12, 2010, to October 14, 2010. On October 14, 2010, the jury returned a verdict for plaintiffs against Sheriff Gusman and Chief Hunter. The jury found that Chief Hunter, the deputy in charge of the Orleans Parish Prison, violated plaintiffs' constitutional rights by preventing them from using a telephone to obtain counsel, and awarded each plaintiff $100,000 for this constitutional violation. The jury also found that Sheriff Gusman falsely imprisoned plaintiffs, and awarded $200,000 to Waganfeald, and $259,300 to Kunkle for this state

law intentional tort. The evidence established that Kunkle was subjected to harsher conditions of confinement and that he was more emotionally fragile than Waganfeald.

Plaintiffs filed a motion for attorneys' fees. They argue that they are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 because they successfully brought a claim for a violation of a constitutional right under 42 U.S.C. § 1983.

## ANALYSIS

Pursuant to 42 U.S.C. § 1988(b), in any action to enforce a provision of 42 U.S.C. § 1983, the court, in its discretion, may award the prevailing party, except the United States, reasonable attorneys' fees as a part of the costs. The Supreme Court of the United States has stated that the prevailing party "should ordinarily recover an attorney's fee [under § 1988] unless special circumstances would render such an award unjust." Newman v. Piggie Park Enters., 88 S.Ct. 964, 966 (1968).

Plaintiffs prevailed on their § 1983 claim against Chief Hunter for his violation of their Sixth Amendment right to counsel. The court is not aware of any circumstances in this case that would render an award of attorneys' fees unjust. Therefore, plaintiffs are awarded reasonable attorneys fees and costs attributable to bringing that claim.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney' Fees (Doc. #98) is **GRANTED** as to plaintiffs' entitlement to recover attorneys' fees and costs pursuant to 42 U.S.C. § 1988 for their bringing a successful action against Chief Hunter pursuant to 42 U.S.C. § 1983 for his violation of their Sixth Amendment right to counsel; and **REFERRED** to the United States

Magistrate Judge for a Report and Recommendation regarding quantum as to the amount of attorneys' fees and costs attributable to plaintiffs' bringing the action against Chief Hunter pursuant to 42 U.S.C. § 1983 for his violation of their Sixth Amendment right to counsel.

New Orleans, Louisiana, this  2nd  day of March, 2011.

                                     **MARY ANN VIAL LEMMON**
                                     **UNITED STATES DISTRICT JUDGE**